# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RENEE WILLIAMS AND TWJ HOLDINGS, LLC,**<br><br>*Plaintiff*<br><br>**V.**<br><br>**ROBERT TAYLOR, WESTON ZWIACHER, AIRBNB, INC., CRAWFORD & COMPANY, AND NAUTILUS INSURANCE COMPANY**<br><br>*Defendants* | CIVIL ACTION NO.<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Defendant, Nautilus Insurance Company ("Nautilus"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and without waiving any defenses, and with the consent of all defendants, hereby removes the civil action filed in the Civil District Court for the Parish of Orleans, State of Louisiana, captioned *Tracy Renee Williams and TWJ Holdings, LLC v. Robert Taylor, Weston Zwiacher, Airbnb, Inc., Crawford & Company, and Nautilus Insurance Company*, Civil Action No. 2019-11301, Division G-11, to this Honorable Court. In support of removal, Nautilus submits as follows:

1.

On or about October 25, 2019, Plaintiffs, Tracy Renee Williams and TWJ Holdings, LLC (together, "Plaintiffs"), filed a Petition for Damages (the "Petition") in Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs named as defendants Robert Taylor, Weston Zwiacher, Airbnb, Inc., Crawford & Company, and Nautilus Insurance Company. A copy of all process, pleadings and orders served on Nautilus is attached hereto as **Exhibit "1."** *See* **Exhibit 1** at Petition, ¶ 2.

## REMOVAL IS TIMELY

**2.**

This Notice of Removal is timely because it was "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(2); *Murphy Bros v. Michetti Pipe Stringing*, 526 U.S. 344, 347-8, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999) ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. 28 U.S.C. § 1446(b)(2). The statute explicitly allows each defendant 30 days after receipt of service of an initial pleading or summons to file a notice of a removal. 28 U.S.C. § 1446(b)(2)(B). Service of the Petition was made upon Nautilus *via* the Louisiana Secretary of State on February 6, 2020, which was subsequently provided to Nautilus at a later date. *See* **Exhibit 1** at February 7, 2020 letter from the Louisiana Secretary of State to Nautilus. This Notice of Removal is timely because it was filed within 30 days of Nautilus being served with the Petition *via* the Secretary of State.

## VENUE IS PROPER

**3.**

Venue is proper in this judicial district and divisions under 28 U.S.C. § 1441(a). This civil action was filed in Civil District Court for the Parish of Orleans, State of Louisiana. For purposes of 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Louisiana, "is the district court of the United States for the district and division within which such action is

pending." Attached as **Exhibit "2"** are pleadings filed into the record of the Civil District Court for the Parish of Orleans, State of Louisiana, in accordance with 28 U.S.C. § 1446(a).

## REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

**4.**

This civil action is properly removed based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). According to 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

### A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANTS

**5.**

On information and belief, Plaintiff, Tracy Renee Williams, is domiciled in and therefore a citizen of Louisiana.

**6.**

On information and belief, Plaintiff, TWJ Holdings, LLC, is a citizen of Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). On information and belief, TWJ Holdings, LLC's members are Collin Holmes, John Holmes, and Tracy Williams, who are all domiciled in, and therefore citizens of, Louisiana. Accordingly, for purposes of diversity of citizenship under 28 U.S.C. § 1332(a) and removal under 28 U.S.C. § 1441, TWJ Holdings, LLC is a citizen of Louisiana.

**7.**

Nautilus is an insurance company organized under the laws of the State of Arizona with its principal place of business in the State of Arizona.  Thus, in accordance with 28 U.S.C. § 1332(c)(1) and for purposes of removal under 28 U.S.C. § 1441, Nautilus is a citizen of Arizona.

**8.**

On information and belief, Defendant, Airbnb, Inc. ("Airbnb"), is a corporation organized under the laws of Delaware with its principle place of business in San Francisco, California.  Thus, in accordance with 28 U.S.C. § 1332(c)(1) and for purposes of removal under 28 U.S.C. § 1441, Airbnb, Inc. is a citizen of Delaware and California.

**9.**

On information and belief, Defendant, Crawford & Company ("Crawford"), is a corporation organized under the laws of Georgia with its principle place of business in Atlanta, Georgia.  Thus, in accordance with 28 U.S.C. § 1332(c)(1) and for purposes of removal under 28 U.S.C. § 1441, Crawford & Company is a citizen of Georgia.

**10.**

On information and belief, Defendant, Weston Zwiacher ("Zwiacher"), is domiciled in and therefore a citizen of Texas.

**11.**

On information and belief, Defendant, Robert Taylor ("Taylor"), is domiciled in and therefore a citizen of Colorado.

**12.**

Complete diversity exists between Plaintiffs (Louisiana) and Defendants, Nautilus (Arizona), Airbnb (Delaware and California), Crawford (Georgia), Zwiacher (Texas), and Taylor

(Colorado).  Thus, this action is properly removed based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and removal under 28 U.S.C. § 1441.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

**13.**

In accordance with 28 U.S.C. § 1332(a), the amount in controversy required for removal based upon complete diversity of citizenship must exceed $75,000, exclusive of interest and costs.

**14.**

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiffs' pleadings, so long as the plaintiffs' claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

**15.**

As held by the United States Supreme Court, while a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," it does not need to incorporate evidence supporting that allegation.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554, 190 L.Ed.2d 495, 499 (2014).  Nautilus contests that any amount is owed to Plaintiffs and has numerous defenses to the claims presented in this lawsuit.  For purposes of removal, however, this Honorable Court must look to the amount being claimed by Plaintiffs without reference to any potential defenses that may exist as to those claims. *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L. Ed. 845, 850 (1938) (for the fact "that it appears from the face of the complaint that [a] defendant has a valid

defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand."); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).

**16.**

Although the Petition is silent as to a specific, total amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry. It is facially apparent from the Petition that the amount in controversy, exclusive of interest and costs, exceeds $75,000. The Petition asserts that Zwiacher and Taylor "wreak[ed] havoc within [Plaintiff's property] causing extensive damages." **Exhibit 1** at Petition, ¶ 21. Plaintiffs further claim that "Zwiacher and Taylor drew/tagged race-based hate symbols on the designed cement floors" and "Zwiacher and Taylor caused damages to William's furniture, including but not limited to damaging chairs, tables, destroying an upholstered tweed chair, slashing a hole in her Chesterfield sofa, and burning holes into her ottoman." *Id.* at ¶¶ 23-24. Plaintiffs further aver "Zwiacher and Taylor also caused damage to and/or destroyed several pieces of culturally significant art that Williams had collected, including but not limited to: slashing holes in and removing rice from a rice art painting by Jessica Strahan, breaking the hands from a Woodrow Nash sculpture/carving then hanging it by its neck from the ceiling (simulating a lynching), breaking the head off of another Woodrow Nash sculpture/carving and throwing the head into a trashcan." *Id.* at ¶ 25. Zwiacher and Taylor are also alleged to have stolen or destroyed several other items from the property including but not limited to: "Nest thermostat, Kinetic clock, end table and garage door remote." *Id.* at ¶ 26.

**17.**

Plaintiffs assert various causes of action against the named defendants including negligence, trespass, intentional infliction of emotional distress, conversion, breach of contract, and Louisiana Unfair Trade Practices Act ("LUPTA"), La. R.S. § 51:1401, et seq., violations. *See*

*id.* at ¶¶ 35-91. In support of the allegations of LUTPA violations against Airbnb, Plaintiff asserts that Airbnb mispresented its obligations under the alleged contract between the parties, as well as its obligations to investigate and pay Plaintiffs for the damage to their property. *Id.* at ¶ 64. Plaintiffs also assert that Crawford "willfully ignored an abundance of damage to Plaintiffs' property by underestimating and undervaluing the damages to the property and ignoring damages contained in Plaintiffs' personal property worksheet submitted to Crawford without explanation or justification" *Id.* at ¶ 69. Plaintiffs assert Crawford violated LUPTA by "misrepresenting the type, extend, and cost of damages incurred by Plaintiffs." *Id.* at ¶ 79.

**18.**

Plaintiffs allege the policy issued by Nautilus contains "policy limits of: Building 1—Replacement Cost in the amount of $1,000,000.00 and Building 2—Replacement Cost in the amount of $100,000.00." *Id.* at ¶ 6. Plaintiffs also claim that Nautilus "has breached the insurance contract between the parties by failing to pay the amounts owed to Plaintiffs for the damages to Plaintiffs' property." *Id.* at ¶ 89.

**19.**

Plaintiffs aver in the Petition that "[a]s a result of the actions of Defendants named herein, the Plaintiffs have suffered and/or will suffer the following nonexclusive list of damages":

        a. Diminution in value of the property;
        b. Repair and remediation expenses and increased expenses;
        c. Costs to hire investigative and engineering firms;
        d. Consequential damages as a natural result of the breaches of contract, negligence, and intentional acts of Defendants;
        e. Mental anguish;
        f. Physical pain and suffering;
        g. Loss of use;
        h. Attorney's fees;
        i. Prejudgment interest; and
        j. Costs of this litigation

*Id.* at ¶ 93. Plaintiffs further plead "the value of this claim exceeds $50,000.00, exclusive of interest and costs." *Id.* at ¶ 94. Removal is permitted where the facts in dispute support a finding that the claims presented exceed the jurisdictional amount. *See Allen*, 63 F.3d at 1335. Considering the minimum of $1,100,000 alleged to be due under the policy issued by Nautilus, in conjunction with the allegations in the Petition with regard to other damages due, as well as penalties and attorneys' fees, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**20.**

In further support of this Notice of Removal and the facially apparent amount in controversy exceeding $75,000, Nautilus submits that Plaintiffs have not alleged that the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction, as is required by Louisiana Code of Civil Procedure Article 893. "The absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient." *Broussard v. Celebration Station Properties, Inc*., Civ. A. No. 13-531-JJB-RLB, 2014 U.S. Dist. LEXIS 50500, at *12, (M.D. La. Mar. 7, 2014), *adopted by,* Civ. A. No. 13-531-JJB-RLB, 2014 U.S. Dist. LEXIS 50590, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014). Importantly, at the time of removal, Plaintiffs have not stipulated that their damages are less than $75,000. Louisiana district courts have factored in a plaintiffs' refusal to specify or stipulate damages for the purposes of establishing or defeating federal jurisdiction. *See Borill v. Centennial Wireless, Inc*., 872 F. Supp.2d 522, 528-29 (W.D. La. 2012); *see also Carbajal v. CasKids Oil Operating Co*., Civ. A. No. 05-5966, 2006 U.S. Dist. LEXIS 21065, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (Africk, J.); s*ee also Broadway v. Wal-Mart Stores, Inc*., Civ. A. No. 00-1893, 2000 U.S. Dist. LEXIS 15632, 2000 WL 1560167 (E.D. La. Oct. 18, 2000) (Livaudais, J.).

**21.**

Considering the above, complete diversity of citizenship exists between Plaintiffs and Defendants. The amount in controversy for the claims presented by Plaintiff exceeds $75,000, exclusive of interest and costs. This Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

## CONSENT TO REMOVAL

**22.**

Under the "rule of unanimity," all defendants who have been properly joined and served must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). It is indeterminable which defendants were served prior the filing of this Notice of Removal as the pleadings filed in the state court record do not include Affidavits of Service for any defendant. *See* **Exhibit 2.** Nonetheless, all defendants have consented to the removal of this civil action to federal court, without any waiver of and reserving all defenses, objections, exceptions and motions under Federal Rule of Civil Procedure 12(b), as evidenced by the documents attached hereto *in globo* as **Exhibit "3."**

**23.**

A copy of this Notice of Removal has been filed this day with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the State Court Notice of Removal to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, is attached hereto as **Exhibit "4."**

**WHEREFORE**, Nautilus Insurance Company hereby submits this Notice of Removal in support of the removal of this civil action to this Honorable Court and request that jurisdiction be maintained over all the claims made in this civil action and that this civil action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Thomas H. Peyton*
        Jay Russell Sever (Bar No. 23935)
        Thomas H. Peyton (Bar No. 32635)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Facsimile: 504-568-9130
        Email: severj@phelps.com
        Email: thomas.peyton@phelps.com

**ATTORNEYS FOR DEFENDANT,
NAUTILUS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of March 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                                    */s/ Thomas H. Peyton*