# State of Louisiana
# Secretary of State

02/07/2020

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

NAUTILUS INSURANCE COMPANY
MR. THOMAS M. KUZMA, PRESIDENT/CEO
7233 EAST BUTHERUS DR.
SCOTTSDALE, AZ 85260

Suit No.: 201911301
CIVIL DISTRICT COURT
ORLEANS PARISH

TRACY RENEE WILLIAMS, ET AL
vs
ROBERT TAYLOR, ET AL

**RECEIVED**
**FEB 13 2020**
NAUTILUS INSURANCE GROUP
REGULATORY DEPT

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: E CUMMINS

Date: 02/06/2020
Title: DEPUTY SHERIFF

No: 1150803



KS

ATTORNEY'S NAME: Binegar, David A 26603
AND ADDRESS: 4920 Canal Street, New Orleans, LA 70119

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-11301    DIVISION: G    SECTION: 11

WILLIAMS, TRACY RENEE ET AL

Versus

TAYLOR, ROBERT ET AL

SERVED ON
R. KYLE ARDOIN
FEB 06 2020
SECRETARY OF STATE
COMMERCIAL DIVISION

### CITATION

TO:         NAUTILUS INSURANCE COMPANY
THROUGH:    REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE
            8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 22, 2020

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Don'Dre Spiller, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within **Petition for Damages** ON **NAUTILUS INSURANCE COMPANY** THROUGH: **REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE** Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER  RETURN  _____ / _____ / _____ SERIAL NO.  DEPUTY  PARISH | On this ____ day of _____ served a copy of the within **Petition for Damages** ON **NAUTILUS INSURANCE COMPANY** THROUGH: **REGISTERED AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **NAUTILUS INSURANCE COMPANY** being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

ID: 10393279                    Page 1 of 1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO.: 2019-11301

TRACY RENEE WILLIAMS and TWJ HOLDINGS, LLC

VERSUS

ROBERT TAYLOR, WESTON ZWIACHER, AIRBNB, INC.,
CRAWFORD & COMPANY and NAUTILUS INSURANCE COMPANY

FILED: _____     _____
                                      DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Tracy Renee Williams and TWJ Holdings, LLC and file their Petition for Damages against Defendants, Robert Taylor, Weston Zwiacher, AIRBNB, Inc., Crawford & Company, and Nautilus Insurance Company, alleging and averring as follows:

### I. PARTIES

1. Made Plaintiffs herein are:

   a. **Tracy Renee Williams** (hereinafter referred to as "Williams"), a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana.

   b. **TWJ Holdings, LLC**, (hereinafter referred to as "TWJ"), a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana and the jurisdiction of this Court.

2. Made Defendants herein are:

   a. **Weston Zwiacher** (hereinafter referred to as "Zwiacher"), a person of the full age of majority and a resident of Odessa, Texas.

   b. **Robert Taylor** (hereinafter referred to as "Taylor"), a person of the full age of majority and a resident of Denver, Colorado.

   c. **Airbnb, Inc.** (hereinafter referred to as "AIRBNB"), a foreign corporation domiciled in Wilmington, Delaware, authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Court.

   d. **Crawford and Company** (hereinafter referred to as "Crawford"), a foreign corporation domiciled in the State of Georgia, authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Court.

1.

e. **Nautilus Insurance Company** (hereinafter referred to as "Nautilus"), a foreign insurance corporation domiciled in the State of Arizona, authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Court.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper within this Court, as all conduct giving rise to the causes of action stated herein occurred within the State of Louisiana and the Parish of Orleans, the amount in controversy meets the subject matter jurisdiction requirements of this Court, and all parties are subject to the personal jurisdiction of this Court.

4. Venue is proper in this Court, pursuant to Louisiana Code of Civil Procedure art. 76.1, as all conduct giving rise to the causes of action occurred in the jurisdiction of this Court, and the property at issue is located within the State of Louisiana and the Parish of Orleans.

## III. RELEVANT FACTS

5. Williams and/or TWJ owns immovable property located at 1425 N. Prieur Street, New Orleans, Louisiana 70116 (referred to hereinafter as "the Property").

6. The Property was insured through Nautilus Insurance Company, Policy No. NC264039, with policy limits of: Building 1—Replacement Cost in the amount of $1,000,000.00 and Building 2—Replacement Cost in the amount of $100,000.00.

7. Williams and her daughter, Brandi Williams (hereinafter "Brandi"), advertised with Airbnb to sublet properties for short term rentals.

8. Airbnb is a hosting company that facilitates short term rentals through their website and puts prospective customers in touch with prospective lessors.

9. In conjunction with this business exchange, Airbnb provides participating property lessors with a Host Guarantee and other assurances providing them certain remedies in the event of loss as a result of action by renters.

10. Airbnb contracted with Williams and Brandi under a contract or contracts, including the "Host Guarantee", to reimburse them for losses to person property, and other attendant damages, in the event of damage by a short-term renter to the home's contents.

11. This agreement also provided coverage for damage to the structure.

12. At all times material hereto, the contracts in question were in full force and effect.

13. Brandi accepted Weston Zwiacher's Airbnb request for a short-term rental for the weekend of October 25, 2018, but mistakenly double-booked the property that she intended to rent to him.

14. Brandi did not want to inconvenience Zwiacher, so she attempted to rectify the situation.

15. Brandi knew her mother would not be comfortable renting her main house at 1425 N. Prieur Street but asked Williams if Zwaicher could make use of the guest/pool house on the property.

16. Williams agreed, and rented her guest/pool house on the property to Zwaicher through Airbnb.

17. On the weekend of October 25, 2018, a concerned neighbor contacted Williams to inform her of raucous activity within the property's main house.

18. The main house on the property was locked, no one was given permission to be inside, but there was a great deal of noise coming from within.

19. Williams decided to go check on the property and requested New Orleans Police Department presence.

20. Weston Zwiacher and Robert Taylor were within the main house when Williams and police officers arrived.

21. Zwiacher and Taylor, broke a windowpane, the iron entrance gate, and the front door of the main house, and once inside the main property, continued to wreak havoc within causing extensive damages, and also caused damage to the pool house.

22. Williams entered the main house and was immediately devastated by the vandalism and destruction inflicted by Zwiacher and Taylor.

23. Zwiacher and Taylor drew/tagged race-based hate symbols on the designed cement floors.

24. Zwiacher and Taylor caused damages to William's furniture, including but not limited to damaging chairs, tables, destroying an upholstered tweed chair, slashing a hole in her Chesterfield sofa, and burning holes into her ottoman.

25. Zwiacher and Taylor also caused damage to and/or destroyed several pieces of culturally significant art that Williams had collected, including but not limited to: slashing holes in and removing rice from a rice art painting by Jessica Strahan, breaking the hands from a Woodrow Nash sculpture/carving then hanging it by its neck from the ceiling (simulating a lynching), breaking the head off of another Woodrow Nash sculpture/carving and throwing the head into a trashcan.

26. After Zwiacher and Taylor were asked to leave the property, Williams discovered Zwiacher and Taylor stole or destroyed several other items from the property including but not limited to: Nest thermostat, Kinetic clock, end table and garage door remote.

27. Brandi contact Airbnb to report the damages caused by Zwiacher and Taylor and make a claim for Williams' loss.

28. Airbnb assigned Airbnb Reference No.: HMBCWYYYYT, 45374663 to this loss.

29. Airbnb directed Williams to submit claims documentation to defendant, Crawford and Company, their insurer.

30. Crawford assigned Claim No.: 3364956 to this loss.

31. Brandi provided photographs of damages and a list of personal property that was damaged or taken by the guests related to this claim to James Payne, the Crawford adjuster assigned to William's loss.

32. Brandi also sent Mr. Payne invoices for the repairs effected and cost of replacement for the items taken.

33. January of 2019 Crawford's field adjuster inspected the property and took photographs of damages.

34. Crawford's field adjuster discussed the inspection and his photographs with Mr. Payne, but no compensation was issued to Williams for the damages caused.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION—NEGLIGENCE OF WESTON ZWIACHER AND ROBERT TAYLOR

35. Plaintiffs adopt by reference all allegations made in Paragraphs 1-34 as if restated herein *in extenso*.

36. Zwiacher and Taylor owed a duty of care to Plaintiffs.

37. Zwiacher and Taylor breached that duty by causing damage to Plaintiffs' property as described herein above.

38. Zwiacher's and Taylor's breach of their duty of care to Plaintiffs was the cause in fact of the damages suffered by Plaintiffs.

39. Plaintiffs suffered extensive damages as a direct result of the negligence of Zwiacher and Taylor as more fully delineated above and listed below.

### SECOND CAUSE OF ACTION—TRESPASS TO LAND/PROPERTY

40. Plaintiffs adopt by reference all allegations made in Paragraphs 1-39 as if restated herein *in extenso*.

4.

41. The conduct of Zwiacher and Taylor constitutes the intentional tort of trespass to land, as they knowingly and intentionally broke into Plaintiffs' main structure and caused severe damage to Plaintiffs' structure.

42. Zwiacher and Taylor consciously desired to bring about the physical results of their acts or believed they were substantially certain to follow from what they did.

43. Plaintiffs suffered damages to the Property as a result of the intentional acts of Zwiacher and Taylor, as more fully delineated above and listed below.

### THIRD CAUSE OF ACTION—TRESPASS TO CHATTELS/PERSONAL PROPERTY

44. Plaintiffs adopt by reference all allegations made in Paragraphs 1-43 as if restated herein *in extenso*.

45. The conduct of Zwiacher and Taylor constitutes the intentional tort of trespass to chattel, as they knowingly and intentionally broke into Plaintiffs' main structure and caused severe damage to Williams' personal property.

46. Zwiacher and Taylor consciously desired to bring about the physical results of their acts or believed they were substantially certain to follow from what they did.

47. Williams suffered damages to her personal property as a result of the intentional acts of Zwiacher and Taylor, as more fully delineated above and listed below.

### FOURTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRIESS

48. Plaintiffs adopt by reference all allegations made in Paragraphs 1-47 as if restated herein *in extenso*.

49. The conduct of Zwiacher and Taylor constitutes the intentional tort of intentional infliction of emotional distress, as they knowingly and intentionally broke into Plaintiffs' main structure and caused severe damage to Williams' personal property, lynched a statute of an African man, decapitated a statue of an African woman, and slashed a painting of four African children.

50. In addition, Zwiacher and Taylor painted racist graffiti on the finished cement floors of the Property.

51. Zwiacher and Taylor consciously desired to bring about the emotional results of their acts or believed they were substantially certain to follow from what they did.

52. Williams suffered ongoing emotional distress as a result of the intentional acts of Zwiacher and Taylor, as more fully delineated above and listed below.

### FIFTH CAUSE OF ACTION—CONVERSION

53.  Plaintiffs adopt by reference all allegations made in Paragraphs 1-52 as if restated herein *in extenso*.

54.  The intentional tort of conversion is committed when: 1) possession of property is acquired in an unauthorized manner; 2) the property is removed from one place to another with the intent to exercise control over it; 3) possession of the property is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the property is altered or destroyed; 6) the property is used improperly; or 7) ownership is asserted over the property.

55.  Zwiacher and Taylor committed several or all of these offenses as it relates to the property of Williams, as delineated more fully above and listed below.

56.  Williams suffered damages as a result of the above-described actions of Zwiacher and Taylor.

### SIXTH CAUSE OF ACTION—BREACH OF CONTRACT OF AIRBNB

57.  Plaintiffs adopt by reference all allegations made in Paragraphs 1-56 as if restated herein *in extenso*.

58.  Airbnb entered into a contract with Williams

59.  That contract requires Airbnb to pay Williams for damage caused by Airbnb lessees to Williams' Property and personal property contained therein.

60.  Airbnb has breached that contract by failing to pay for the damages caused by Zwiacher and Taylor.

61.  Williams has suffered damages as a result of Airbnb's breach of contract.

### SEVENTH CAUSE OF ACTION—LUTPA VIOLATIONS BY AIRBNB

62.  Plaintiffs adopt by reference all allegations made in Paragraphs 1-61 as if restated herein *in extenso*.

63.  The LUPTA provides, "[unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." L.A.-R.S. 51:1409(A). The LUPTA creates a cause of action available to "[any person who suffers any ascertainable loss of money or movable property . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice. . . ." *Id.* "To be unfair the conduct must offend established public policy. Fraud, deceit and misrepresentation constitute deceptive practices.

64. Airbnb acted in violation of LUTPA, La. R.S. §51:1401, *et seq.*, by misrepresenting its obligations to Plaintiffs under the contract between the parties, as well as its obligations to investigate and pay Plaintiffs for the damage to their property.

65. Plaintiffs suffered damages as a result of Airbnb's violation of LUTPA, La. R.S. §51:1401, *et seq.*

### EIGHTH CAUSE OF ACTION—NEGLIGENCE OF CRAWFORD

66. Plaintiffs adopt by reference all allegations made in Paragraphs 1-65 as if restated herein *in extenso*.

67. Crawford's adjuster was the mandatary for Crawford and represented Crawford regarding Plaintiffs' claims by investigating, processing, evaluating, approving, and/or denying, in whole or in part, the Plaintiffs' claim.

68. Crawford's adjuster, however, did not spend an adequate amount of time at the subject matter property and failed to fully and properly evaluate the cause and extent of the damage.

69. Crawford and its adjuster willfully ignored an abundance of damage to Plaintiffs' property by underestimating and undervaluing the damages to the property and ignoring damages contained in Plaintiffs' personal property worksheet submitted to Crawford without explanation or justification.

70. The misrepresentations made by Crawford and/or its agents were, at the very least, negligent, as Plaintiffs' damages were reasonably clear, and, as Plaintiffs had pointed out to Crawford the various areas of concern regarding damages suffered as a result of the claim.

71. Crawford was fully apprised of the Plaintiffs' claimed damages.

72. Plaintiffs submitted "satisfactory proof of loss" as interpreted by Louisiana law.

73. Crawford owed a duty of care to Plaintiffs in adjusting their claim.

74. Crawford breached this duty in the manner described herein above.

75. Crawford's breach of its duty caused damage to Plaintiffs.

76. Crawford's breach of its duty was the cause in fact of Plaintiffs' damages.

### NINTH CAUSE OF ACTION—LUTPA VIOLATIONS BY CRAWFORD

77. Plaintiffs adopt by reference all allegations made in Paragraphs 1-77 as if restated herein *in extenso*.

78. The LUPTA provides, "[unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." L.A.-R.S.

7.

51:1409(A). The LUPTA creates a cause of action available to "[any person who suffers any ascertainable loss of money or movable property ... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice...." *Id.* "To be unfair the conduct must offend established public policy. Fraud, deceit and misrepresentation constitute deceptive practices.

79. Crawford acted in violation of LUTPA, La. R.S. §51:1401, *et seq.*, by misrepresenting the type, extent, and cost of damages incurred by Plaintiffs.

80. Plaintiffs, believing Crawford would deal in good faith and would send an adjuster to deal in good faith, reasonably relied upon the misrepresentations that were made by the insurance company.

81. This reliance was to the Plaintiffs' detriment as the Property was rife with damage and still experiences continuing damage.

82. As a result of Crawford actions, Plaintiffs have not been able to properly and completely repair the damages to their property, and Crawford's actions were contrary to public policy.

83. Crawford has failed to properly investigate and adjust the claim in accordance with law.

84. Crawford misrepresented pertinent facts regarding Plaintiffs' claim.

85. As a result, Plaintiff sustained original and consequential damages and has been unable to properly repair the home.

86. Crawford is further liable to Plaintiffs under La. C.C. Art. 2315, Art. 2316, and Art. 2320.

### TENTH CAUSE OF ACTION—BREACH OF INSURANCE CONTRACT OF NAUTILUS INSURANCE COMPANY

87. Plaintiffs adopt be reference all allegations made in Paragraphs 1-86 as if restated herein *in extenso.*

88. Nautilus entered into an insurance contract with Plaintiffs.

89. Nautilus has breached the insurance contract between the parties by failing to pay the amounts owed to Plaintiffs for the damages to Plaintiffs' property.

90. Plaintiffs have suffered uncompensated damages as a result of Nautilus' breach.

91. Nautilus is liable to Plaintiffs for the damages caused by its breach of the insurance contract.

### V. DAMAGES

92. Plaintiffs adopt be reference all allegations made in Paragraphs 1-91 as if restated herein *in extenso.*

93. As a result of the actions of Defendants named herein, the Plaintiffs have suffered and/or will suffer the following nonexclusive list of damages:

   a. Diminution in value of the property;
   b. Repair and remediation expenses and increased expenses;
   c. Costs to hire investigative and engineering firms;
   d. Consequential damages as a natural result of the breaches of contract, negligence, and intentional acts of Defendants;
   e. Mental anguish;
   f. Physical pain and suffering;
   g. Loss of use;
   h. Attorney's fees;
   i. Prejudgment interest; and
   j. Costs of this litigation

94. Upon information and belief, the value of this claim exceeds $50,000.00, exclusive of interest and costs.

95. The Plaintiffs reserve the right to supplement and amend this Petition for any purposes.

96. The Plaintiffs are entitled to legal interest, and seek all other equitable relief to which they may be entitled.

97. The Plaintiffs pray for trial by jury.

## VI. PRAYER

**WHEREFORE**, Plaintiffs herein, Tracy Renee Williams and TWJ Holdings, LLC, pray that the Defendants, Robert Taylor, Weston Zwiacher, AIRBNB, Inc., Crawford & Company, and Nautilus Insurance Company be served with a copy of this petition and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiffs and against Defendants for all damages pursuant to the evidence and in accordance with the law, including penalties, attorney's fees and costs; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief that this Honorable Court may deem necessary.

Respectfully submitted by:

/s/ David A. Binegar
David A. Binegar (#26603)
Tiffany R. Christian (#28529)
BINEGAR CHRISTIAN, LLC
4902 Canal Street, Suite 301
New Orleans, Louisiana 70119
Telephone:  504.301.1403
Facsimile:  504.304.2081
Email: davidbinegar@hotmail.com
       tiffanychristian@hotmail.com
*Attorneys for Plaintiffs, Tracy Renee Williams and TWJ Holdings, LLC*

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

9.

**PLEASE WITHHOLD SERVE:**

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125



ZIP 70802  $ **005.15**⁰
02 4W
0000367744 FEB 07, 2020



Baton Rouge P&DC
FRI 07 FEB 2020



7019 1120 0000 2372 1699