UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY RENEE WILLIAMS and * <br> TWJ HOLDINGS, LLC * <br> * <br> V. * <br> * <br> ROBERT TAYLOR, WESTON ZWIACHER, * <br> AIRBNB, INC., CRAWFORD & COMPANY * <br> And NAUTILUS INSURANCE COMPANY * <br> * <br> *   *   *   *   *   *   *   * | CIVIL ACTION NO. 20-00789 <br><br> JUDGE SUSIE MORGAN <br><br> MAGISTRATE |

## MEMORANDUM OF LAW IN SUPPORT OF CRAWFORD & COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Crawford & Company ("Crawford") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss ("Motion to Dismiss") the claims filed by Plaintiffs Tracey Renee Williams and TWJ Holdings, LLC. ("Plaintiffs") and prays that for the reasons set forth below, its Motion to Dismiss is granted with costs assessed to Plaintiffs.

I. **STATEMENT OF THE CASE**

This matter arises from an original Petition for Damages ("Petition") filed in Civil District Court for the Parish of Orleans entitled *Tracey Renee Williams and TWJ Holdings, LLC versus Robert Taylor, Weston Zwiacher, Airbnb, Inc., Crawford & Company, and Nautilus Insurance Company,* No. 2019-11301, Division "G," filed October 25, 2019. With the consent of all other defendants, the matter was removed to the Eastern District of Louisiana by Defendant Nautilus Insurance Company on March 6, 2020 (Doc. 1). In their Petition, Plaintiffs essentially claim that Defendants Weston Zwiacher ("Zwiacher") and Robert Taylor ("Taylor") stayed at Plaintiffs' Airbnb, Inc. ("Airbnb") rental property located in a pool house at 1416 N. Prier Street, New Orleans, Louisiana during the weekend of October 25, 2018, that they broke into the main home

that they were not permitted to access and which they had not rented, and that they caused extensive damage to the main home. Afterwards, Plaintiffs filed a property damage claim with Airbnb. Crawford, as an independent claims adjuster, then adjusted the property damage claim on behalf of Airbnb.

Plaintiff filed suit against Crawford as an insurance company and insurer of Airbnb[1] and claimed that Crawford owed a duty to Plaintiffs and breached that duty under a theory of negligence[2] and that Crawford is in violation of Louisiana Unfair Trade Practices Act, La. R.S. §51:1401 *et seq*.[3] Crawford now submits the instant Motion to Dismiss Pursuant to Federal Rule 12(B)(6) because Plaintiffs' claims against Crawford have no basis in law and Plaintiffs are therefore unable to state a claim against Crawford upon which relief may be granted. Crawford prays that the claims against Crawford be dismissed, with costs assessed to Plaintiffs.

II. **LAW AND ARGUMENT**

    A. **STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS**

Under Federal Rule of Civil Procedure Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief.[4] To survive a 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."[5] A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw reasonable inferences that the defendant is liable for the misconduct alleged."[6] Although a court must accept all well pleaded facts as true, the court is not bound to

---

[1] Petition for Damages, ¶¶29, 80.
[2] *Id*. at ¶¶66-76.
[3] *Id*. at ¶¶ 77-86.
[4] *Taylor v. Books A Million, Inc.,* 296 F.3d 376,378 (5th Cir. 2002) citing *McConathy v Dr. Pepper/Seven Up Corp.,* 131 F.3d 558,561 (5th Cir. 1998).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662,678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544,547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[6] *Id*.

accept as true legal conclusions couched as factual allegations.[7] In other words, conclusory statements and naked assertions devoid of factual enhancement, are insufficient to survive a motion to dismiss.[8] Crawford submits that Plaintiffs' Petition fails to allege sufficient facts to state a claim to relief that is plausible on its face, and Plaintiffs' claims against Crawford must be dismissed.

    **B.    PLAINTIFFS' PETITION DOES NOT STATE A VALID CLAIM AGAINST CRAWFORD AS EITHER AN INSURER OR INDEPENDENT CLAIMS ADJUSTER.**

    **1.    CRAWFORD IS NOT AN INSURANCE COMPANY**

It is apparent by the allegations in Plaintiff's Petition that Plaintiffs have improperly sued Crawford as an insurance company and the "insurer" of Airbnb.[9] Plaintiffs clearly state in their allegations in ¶29 that "*Airbnb directed Williams to submit claims documentation to defendant Crawford and Company, **their insurer***" and then Plaintiffs go on to claim in ¶80, that "*Plaintiffs believing Crawford would deal in good faith and would send an adjuster to deal in good faith, reasonably relied upon the misrepresentation that were **made by the insurance company**.*" However, Crawford is <u>not</u> an insurance company and is <u>not</u> the insurance company for Airbnb. Instead, Crawford is an independent claims handling company[10] which simply adjusted the claim at issue in this matter for Airbnb. Crawford therefore did not issue any policy of insurance to Airbnb or any other party to this lawsuit upon which a claim under Louisiana insurance law might

---

[7] *Id.; Lormand v. Unwired, Inc.,* 565 F.3d 228, 232-233 (5th Cir. 2009).
[8] *Ashcroft v. Iqbal*, 556 U.S. at 678.
[9] Petition for Damages, ¶¶29, 80. Crawford has requested the voluntary dismissal of the claims against it from Plaintiffs on two occasions, February 27, 2020, and March 3, 2020. To date, Crawford has not received a response from Plaintiffs.
[10] *See* www.crawco.com, Crawford is an independent provider of claims management solutions and provides services including claims adjustment and case management. If necessary and upon request from the Court, Crawford can submit an affidavit confirming that Crawford is not an insurance company, and in this matter acted solely as a claim adjuster on behalf of Airbnb.

exist. Based on the naming of Crawford as an insurer (which it is not) in the Petition, Crawford is an improper party to this matter and requests that the claims against it be dismissed.

2.   **THERE IS NO CAUSE OF ACTION AGAINST AN INDEPENDENT CLAIMS ADJUSTER UNDER LOUISIANA LAW**

Under Louisiana law, it is well settled that there is generally no cause of action against an adjuster for processing and handling of a claim.[11] However, there is a limited exception where an adjuster may be held liable "where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information."[12]

Here, the Petition does not contain any factual allegations that Crawford engaged in such fraudulent conduct[13] so as to trigger an exception to the general rule that claims adjusters cannot be held liable in tort with regards to their adjusting of a claim. At most, Plaintiffs allege that Crawford "did not spend an adequate amount of time at the subject matter property and failed to properly evaluate the cause and extent of the damage,"[14] "underestimate[ed]" and "undervalu[ed]" the damages to the property,[15] and "failed to properly investigate and adjust the claim."[16] Plaintiffs claim that there was "misrepresentations made by Crawford" but fail to sufficiently allege what those "misrepresentations" were.[17] In other words, all the Plaintiffs allege is that Crawford's

---

[11] *Munsterman v. State Farm Fire & Cas.Co.,* No. 06–8722, 2007 WL 29183, at *2 (E.D.La. Jan. 3, 2007) (citing *Edwards v. Allstate Prop. & Cas. Co.,* No. 04–2434, 2005 WL 2211560, at *3 (E.D.La. Jan. 27, 2005)).
[12] *Lapeyrouse v. State Farm Fire & Cas. Co.,* 2014 WL 4373273 at *5 (M.D. La. (Sept. 3, 2014); *Pellerin v. Cashway Pharmacy of Franklin, Inc.,* 396 So.2d 371, 373 (La.Ct.App. 1st Cir.1981) ("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation and fraud.") (citation omitted).
[13] Fraud must be pled with specificity. "The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are:(a) a misrepresentation of a material fact, (b)made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 627 (5th Cir.1999).
[14] Petition ¶68.
[15] Petition ¶69.
[16] Petition ¶83.
[17] Petition ¶70. Conclusory statements and naked assertions devoid of factual enhancement, are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. at 678.

adjustment of the claim and decisions regarding the scope of damage allegedly caused by Taylor and Zwiacher at the home were improper.[18] The Plaintiffs' disagreement with Crawford's method of adjusting claims and ultimate claims decision, in the absence of a *specific* factual allegation of fraud or misrepresentation, cannot form the basis of a claim against Crawford under Louisiana law.[19] Accordingly, Plaintiffs have failed to state a claim against Crawford and the claims against Crawford as an independent claims adjuster must fail.

### III.  CONCLUSION

Plaintiffs' Petition fails to state a claim to relief that is plausible on its face. Plaintiffs' claims against Crawford as an insurance company and the insurer of Airbnb must fail as they are false because Crawford is not an insurer nor an insurance company.  Likewise, any claims against Crawford as an independent claims adjuster must also fail as there has been no fraud specifically alleged in the factual allegations so as to trigger an exception to the general rule that claims adjusters cannot be held liable with regards to their adjusting of a claim under Louisiana law.  For the foregoing reasons, Crawford respectfully requests that this Honorable Court dismiss the claims of Plaintiffs against Crawford, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), with prejudice at cost to Plaintiffs.

---

[18] Petition ¶83 ("*Crawford has failed to properly investigate and adjust the claim in accordance with the law.*")
[19] *Lapeyrouse*, at *6.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY: */s/ Robert S. Emmett*
    **ROBERT S. EMMETT (#23725)**
    **KIMBERLY C. DELK (#28018)**
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000
    remmett@bakerdonelson.com
    kdelk@bakerdonelson.com

    **ATTORNEYS FOR CRAWFORD & COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on 13th day of March, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


    */s/Robert S. Emmett*